**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Placido Romero Perez, <br><br> *Petitioner*, <br><br> v. <br><br> LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of Homeland Security; and Pamela BONDI, in her official capacity as Attorney General of the United States, <br><br> *Respondents*. | Case No. 25-cv-8112-JGK |

**PETITIONER'S MOTION TO ENFORCE THE COURT'S NOVEMBER 6, 2025 ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF THE CASE ............................................................................................ 1

ARGUMENT ..................................................................................................................... 3

    I.    Because the Government Failed to Comply with this Court's November 6 Order, Mr. Romero Should Be Released. ................................................................................. 3

CONCLUSION .................................................................................................................. 6

**TABLE OF AUTHORITIES**

**CASES**

*Berger v. Heckler*, 771 F.2d 1556 (2d Cir. 1985) …….................……………………….............3

*Enoh v. Sessions*, 16-CV-85(LJV), 2017 WL 2080278 (W.D.N.Y. May 15, 2017) …..............…5

*Fernandez Aguirre v. Barr*, 19-CV-7048 (VEC), 2019 WL 4511933 (S.D.N.Y. Sept. 18, 2019)

……………………………………………………………………………………............…..4, 5

*Grasso v. Norton*, 520 F.2d 27 (2d Cir. 1975) …………………………….................................5

*Hechavarria v. Whitaker*, 358 F. Supp. 3d 227 (W.D.N.Y. Jan. 16, 2019) …….............................5

*Quituizaca v. Barr*, No. 20-CV-403 (LJV), 2021 WL 6797494 (W.D.N.Y. Jan. 5, 2021)..........3, 5

*Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) ……..………………………...…1, 2, 4

*Thomas v. Searls*, 20-CV-6362-FPG, 2021 WL 358128 (W.D.N.Y. Jan. 4, 2021) ………………5

**STATUTES**

8 U.S.C. § 1225(b) ………………………………………………..……………….………….2, 4

8 U.S.C. § 1226(a)…………………………………………………..……………………....1, 2, 3, 4

**INTRODUCTION**

Petitioner Placido Romero Perez ("Mr. Romero") respectfully requests that the Court enforce its Memorandum Opinion and Order dated November 6, 2025, ordering the following:

> The Government shall ensure that the petitioner receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Memorandum Opinion and Order; if no hearing is held by that deadline, the Government shall immediately release the petitioner. At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight.

Memorandum Opinion and Order, ECF No. 29, at 9-10 [hereinafter "Order"]. The Government held a bond hearing for Mr. Romero before the Louisiana Immigration Court on November 10, 2025. *See* Exh. 1, Declaration of Diana Yanguas Rosen in Support of Motion to Enforce, ¶¶ 8-13 [hereinafter "Second Rosen Decl."]. Notwithstanding this Court's Order, at this bond hearing, counsel for the Department of Homeland Security ("DHS") argued that the Immigration Court lacked jurisdiction to consider Mr. Romero's bond request pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and the Immigration Judge agreed, denying bond based on lack of jurisdiction. *See id.*, ¶¶ 12-13. As the Government failed to comply with the terms of this Court's Order, Mr. Romero respectfully requests that the Court order his immediate release on recognizance or reasonable conditions.

**STATEMENT OF THE CASE**

On November 6, 2025, this Court issued its Memorandum Opinion and Order ordering a bond hearing pursuant to 8 U.S.C. § 1226(a) with the burden of proof on the government. *See* Order, at 10. The following day, DHS counsel electronically filed a copy of this Court's Order with the Louisiana Immigration Court and the Immigration Court scheduled a bond hearing for November 10, 2025 at 9:00am. *See* Rosen Decl., ¶¶ 4-5. Over the weekend, NYLAG counsel filed two evidentiary submissions with the Immigration Court in support of Mr. Romero's release

1

on bond. The first submission contained this Court's November 6 Order and eighteen letters of support. *See id.*, Exh. A. The second submission contained two additional letters of support. *See id.*, Exh. B.

The Louisiana Immigration Court held a bond hearing on November 10, 2025. *See id.*, ¶ 8. DHS filed no evidence ahead of this hearing regarding Mr. Romero's danger to the community or risk of flight. *See id.*, ¶ 7. At the hearing, Immigration Judge Christopher Phan stated that he had received the two evidentiary submissions and asked NYLAG counsel why Mr. Romero should be granted bond. *See id.*, ¶ 9. NYLAG counsel explained to the Immigration Judge that this hearing was pursuant to a federal court order and DHS had not met its burden of proving by clear and convincing evidence that Mr. Romero is a danger to the community or risk of flight. Further, counsel explained that Mr. Romero has no criminal history and deep family and community ties in New York. *See id.*, ¶ 10.

The Immigration Judge next asked DHS counsel for its position. *See id.*, ¶ 11. DHS counsel stated that the Immigration Court lacked jurisdiction to consider the bond request under *Matter of Yajure Hurtado*, 29 I&N Dec. 216, and claimed Mr. Romero's detention was governed by 8 U.S.C. § 1225(b). Additionally, counsel for DHS stated that Mr. Romero had not presented evidence that he had been admitted to the United States. DHS counsel made no representations regarding Mr. Romero's danger to the community or risk of flight. *See id.*, ¶ 12.

Without allowing NYLAG counsel the opportunity to respond, the Immigration Judge stated that he was denying bond, as he lacked jurisdiction to consider the request. *See id.*, ¶ 13. NYLAG counsel asked to be heard in response to DHS, and explained that a federal court had ordered the Immigration Court to hold a bond hearing pursuant to § 1226(a) and the federal court's order found that the Immigration Court did have jurisdiction to consider Mr. Romero's

bond request. *See id.*, ¶ 14. The Immigration Judge did not substantively respond to NYLAG counsel's argument and simply stated that Mr. Romero had until December 10 to file an appeal with the Board of Immigration Appeals ("BIA"). *See id.*, ¶ 15.

## ARGUMENT

**I.   Because the Government Failed to Comply with this Court's November 6 Order, Mr. Romero Should Be Released.**

Pursuant to its equitable powers, this Court has broad authority to fashion a remedy to rectify non-compliance with its orders. *Berger v. Heckler*, 771 F.2d 1556, 1568-69 (2d Cir. 1985). To demonstrate that an immigration judge failed to apply the correct legal standard at a habeas-ordered bond hearing, a petitioner may show either (1) that "the decisionmaker erred because the evidence could not—as a matter of law—have supported the adjudicator's conclusion," or (2) that "the adjudicator's decision . . . make[s] it clear that the correct standard was not applied." *Quituizaca v. Barr*, No. 20-CV-403 (LJV), 2021 WL 6797494, at *5 (W.D.N.Y. Jan. 5, 2021). Both errors are easily demonstrable here, as DHS counsel *submitted no evidence* to meet its burden of proving dangerousness or flight risk, and the Immigration Judge declined to hold a hearing pursuant to 8 U.S.C. § 1226(a), finding incorrectly that he lacked jurisdiction. *See* Second Rosen Decl. ¶¶ 4, 7, 12-13.

The language in this Court's Memorandum Opinion and Order was extremely clear. It required "a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)" where "the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight." Order, at 9-10. Both DHS counsel and the Immigration Judge were in receipt of the Memorandum Opinion and Order. DHS counsel filed the Order with the Immigration Court on November 7, 2025, and NYLAG counsel filed the

Order with the Immigration Court in its November 8, 2025 evidentiary submission. *See* Second Rosen Decl. ¶ 4; *id.*, Exh. A, Tab B.

Despite being in receipt of this Court's Order, counsel for DHS submitted no evidence and presented no argument that Mr. Romero is a danger to the community or a flight risk. *See Fernandez Aguirre v. Barr*, 19-CV-7048 (VEC), 2019 WL 4511933, at *7 (S.D.N.Y. Sept. 18, 2019) ("The Court's prior orders placing the burden of proof on the Government should have been a very clear signal that the Government, at the second bond hearing, would need to marshal its evidence to show that Petitioner was dangerous or a flight risk."). Instead, DHS counsel argued, in contravention of this Court's order, that Mr. Romero should not be granted bond because, pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216, Mr. Romero's detention is governed by 8 U.S.C. § 1225(b) and the Immigration Court lacked jurisdiction. *See* Second Rosen Decl. ¶ 12. This Court extensively discussed why Mr. Romero's detention is pursuant to § 1226(a), not § 1225(b) in its November 6 Order. *See* Order, at 3-6. Moreover, this Court clearly explained "*Yajure Hurtado* does not bar Romero from obtaining a bond hearing because, under the correct statutory framework, the petitioner's detention falls under § 1226(a), not § 1225(b)(2)(A)." Order, at 8. Similarly, the Immigration Judge failed to assess Mr. Romero's danger to the community or risk of flight, stating only that he lacked jurisdiction. *See* Second Rosen Decl. ¶ 13. As such, the evidence presented by DHS at the bond hearing could not, as a matter of law, have supported a finding that Mr. Romero is a danger to the community or risk of flight. Moreover, DHS argued for and the court applied the legal standard explicitly rejected by this Court. *See Quituizaca*, 2021 WL 6797494, at *5.

Respondents have had the opportunity to provide Petitioner with a bond hearing pursuant to § 1226(a) and they failed to do so, in violation of this Court's Order. Ordering Petitioner's

release would be consistent with other district courts in this Circuit where there has been non-compliance. *See Grasso v. Norton*, 520 F.2d 27, 38 (2d Cir. 1975) (affirming district court's decision to enforce habeas writ and issue the final writ releasing petitioner from custody); *Quituizaca*, 2021 WL 6797494, at *8 (ordering petitioner's release on alternative conditions after finding the government's evidence did not demonstrate that it was highly probably that no combination of conditions of release would mitigate flight risk); *Thomas v. Searls*, 20-CV-6362-FPG, 2021 WL 358128, at *9 (W.D.N.Y. Jan. 4, 2021) (ordering the petitioner's release on alternative conditions after finding that government had not "demonstrated to anyone that it is highly probable that no condition or combination of conditions would suffice to serve its interest in minimizing risk of flight) (internal quotations and citations omitted); *Fernandez Aguirre*, 2019 WL 4511933, at *8 (ordering petitioner's release after determining that immigration judge failed to comply with court order requiring application of the clear and convincing standard and consideration of alternatives to detention); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 234-35, 243-44 (W.D.N.Y. Jan. 16, 2019) (same); *Enoh v. Sessions*, 16-CV-85(LJV), 2017 WL 2080278, at *10 (W.D.N.Y. May 15, 2017) (same). In those cases, district courts ordered release following court-ordered bond hearings that considered dangerousness and flight risk, but nonetheless failed to comply with the district court order. The Government's actions in Mr. Romero's case present an even more flagrant case of non-compliance, as DHS presented no evidence and the Immigration Judge made no findings regarding dangerousness and flight risk.

Release would be particularly appropriate here, where even if the Government offered to have a second bond hearing, there is no guarantee such a hearing would comport with this Court's order. Indeed, as of the filing of this motion, the Government has taken no affirmative

5

action to correct DHS counsel's statement to the Immigration Court regarding its jurisdiction to hold a bond hearing.

## CONCLUSION

By the terms of this Court's November 6 Order, "the Government shall immediately release the petitioner." *See* Order, at 10. The Government had the opportunity to provide Mr. Romero with a bond hearing in compliance with this Court's order and failed to do so. Mr. Romero respectfully requests that the Court order his immediate release on recognizance or reasonable conditions.

Dated: November 10, 2025

/s/ Diana Yanguas Rosen
Diana Yanguas Rosen, Esq.
Melissa Lim Chua, Esq.
New York Legal Assistance Group
100 Pearl St., 19th Fl.
New York, NY 10004
(212) 659-6044
drosen@nylag.org

*Pro Bono Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on this date, I filed this Motion to Enforce the Court's Order and all attachments using the CM/ECF system.

Dated: November 10, 2025

/s/ Diana Yanguas Rosen
Diana Yanguas Rosen, Esq.
Melissa Lim Chua, Esq.
New York Legal Assistance Group
100 Pearl St., 19th Fl.
New York, NY 10004
(212) 659-6044
drosen@nylag.org

*Pro Bono Counsel for Petitioner*